1  Leslie T. Gladstone, Esq.  (SBN 144615)
2  Christin A. Batt, Esq.  (SBN 222584)
   FINANCIAL LAW GROUP
3  5656 La Jolla Blvd.
   La Jolla, CA 92037
4  Telephone:  (858) 454-9887
5  Facsimile:  (858) 454-9596
   E-mail:  LeslieG@flgsd.com
6
7  Attorneys for Plaintiff Gemini Finance Corp.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| GEMINI FINANCE CORP., | Case No.: **'25CV2259 W    SBC** |
|---|---|
| Plaintiff, | **COMPLAINT FOR BREACH OF CONTRACT; ACCOUNTING; BREACH OF GUARANTY; COMMON COUNTS; AND NEGLIGENT MISREPRESENTATION** |
| v. | |
| UG CONSTRUCTION, INC. DBA EMERALD CONSTRUCTION MANAGEMENT, INC., a Colorado corporation; URBAN-GRO, INC., a Colorado corporation; BRADLEY NATTRASS, an individual; RICHARD AKRIGHT, an individual; and CHRISTIAN MONSON, an individual, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff Gemini Finance Corp. ("**Plaintiff**"), by and through its counsel, as and for its Complaint against UG CONSTRUCTION, INC. DBA EMERALD CONSTRUCTION MANAGEMENT, INC., a Colorado corporation, URBAN-GRO, INC., a Colorado corporation, BRADLEY NATTRASS, an individual,

RICHARD AKRIGHT, an individual, and CHRISTIAN MONSON, an individual (collectively, "**Defendants**"), respectfully alleges as follows:

## PARTIES AND VENUE

1. Plaintiff is a California corporation with its principal place of business located in Rancho Santa Fe, California.

2. Defendant Urban-Gro, Inc ("**Urban-Gro**") is a Colorado corporation with its principal place of business located in Lafayette, Colorado.

3. Defendant UG Construction, Inc. dba Emerald Construction Management, Inc. ("**Emerald**") is a Colorado corporation with its principal place of business located in Centennial, Colorado. Emerald is wholly owned by Urban-Gro.

4. Plaintiff is informed and believes and thereon alleges that defendant Bradley Nattrass ("**Nattrass**") is an individual who resides in Colorado and is Chief Executive Officer of Emerald and Urban-Gro.

5. Plaintiff is informed and believes and thereon alleges that defendant Richard Akright ("**Akright**") is an individual who resides in Colorado and is Chief Financial Officer of Urban-Gro and former Chief Executive Officer of Emerald.

6. Plaintiff is informed and believes and thereon alleges that defendant Christian Monson ("**Monson**") is an individual who resides in Colorado and is Secretary and General Counsel of Urban-Gro.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over this matter pursuant to 28 U.S.C section 1332. Plaintiff is a California corporation, all defendants are Colorado corporations or Colorado residents, and the amount in controversy exceeds $75,000, exclusive of interests and cost.

8. Venue is proper in this Court because Defendants entered into the Loan Documents and Guaranty that are the subject of this Complaint, which

documents are governed by California law, and Defendants' obligations to Plaintiff under the Loan Documents and Guaranty include delivering funds to Plaintiff located in San Diego County, California.

## GENERAL ALLEGATIONS

9. On or about December 12, 2023, Plaintiff entered into a business relationship with Defendants, by which Plaintiff extended revolving credit not to exceed the principal sum of Ten Million Dollars ($10,000,000.00) to Emerald secured by a security interest in all tangible and intangible assets owned by Emerald, including but not limited to Emerald's accounts receivables and inventory.

10. Emerald's obligations to Plaintiff are memorialized in the Loan Agreement, Secured Promissory Note – Revolving ("**Note**"), Security Agreement, and Deposit Account Control Agreement executed by Emerald on or about December 12, 2023; the First Amendment to Loan Documents and Waiver executed by Emerald on or about March 18, 2024 ("**First Amendment**"); and Loan Documents Consent and Waiver executed by Emerald on or about May 30, 2025 (collectively, the "**Loan Documents**").  A true and correct copy of the Note is attached hereto as Exhibit A and incorporated herein.

11. Under the Note, the non-default rate of interest applied on the outstanding principal amount accrues daily at a monthly rate of one and seventy-five hundredths percent (1.75%).

12. Also on or about December 12, 2023, Urban-Gro executed the Continuing Guaranty ("**Guaranty**") in favor of Plaintiff, by which Urban-Gro unconditionally guaranteed and promised to pay on demand to Plaintiff all indebtedness of Emerald owed to Plaintiff.  A true and correct copy of the Guaranty is attached hereto as Exhibit B and incorporated herein.

13. On or about June 15, 2025, Emerald defaulted under the Loan Documents by:

    (a)    failing to maintain Section 5.01(a)(v) Reporting Requirements, as set forth in the First Amendment, by not submitting a correct and accurate calculation of its accounts receivables on June 15, 2025;

    (b)    violating Section 5.01(f), as set forth in the First Amendment, by not having sufficient Eligible Accounts; and

    (c)    violating Section 5.01(g), as set forth in the First Amendment, for failing to forward collected accounts receivable to Plaintiff.

14. Commencing June 16, 2025, the Note has accrued interest at the Default Rate, which equates to the rate per 7-calendar day period (or portion thereof) equal to one percent (1%).

15. As of July 31, 2025, Emerald has failed to pay Plaintiff at least **$1,760,737.20**, plus attorney's fees and other charges, including foreclosure fees, and ongoing collection fees/expenses.

16. In addition, Plaintiff is informed and believes and thereon alleges that Emerald has failed to pay Plaintiff additional unreported accounts receivable owed by Emerald to Plaintiff.

17. Despite demand, Emerald has failed and refused to pay the amounts due to Plaintiff.

18. Despite demand, Urban-Gro has failed and refused to honor its obligations under the Guaranty.

## FIRST CLAIM FOR RELIEF
## Breach of Contract – Against Emerald

19. Plaintiff realleges and incorporates by reference in this claim for relief Paragraphs 1 through 18 of this Complaint as though fully set forth herein.

20. Plaintiff and Emerald entered into valid and enforceable Loan Documents, governed by California law.

21.   Plaintiff performed all conditions required of it under the Loan Documents.

22.   Emerald breached the Note and other Loan Documents by failing to make required payments to Plaintiff.

23.   Emerald failed to immediately notify Plaintiff of Emerald's breach of the Loan Documents, thereby preventing Plaintiff from mitigating its damages.

24.   As a direct and proximate result, Plaintiff has been damaged in the amount of at least **$1,760,737.20**, plus attorney's fees and other charges, including foreclosure fees, and ongoing collection fees/expenses, plus additional unreported accounts receivable owed to Plaintiff.

## SECOND CLAIM FOR RELIEF
## Accounting – Against Emerald and Urban-Gro

25.   Plaintiff realleges and incorporates by reference in this claim for relief Paragraphs 1 through 24 of this Complaint as though fully set forth herein.

26.   Emerald collected accounts receivable on behalf of Plaintiff and had a duty to properly account for and immediately deposit any money received by Emerald from an account receivable from certain invoices into Emerald's Citywide Bank and not transfer such sums to any other bank without the prior approval of Plaintiff.  Plaintiff, Emerald, and Citywide Bank are parties to the Deposit Account Control Agreement regarding Plaintiff's control of Emerald's account at Citywide Bank.

27.   As alleged in Paragraph 13 above, Emerald failed to submit to Plaintiff a correct and accurate calculation of its accounts receivables and transfers on June 15, 2025, and failed to forward collected accounts receivable to Plaintiff.

28.   The total amounts Emerald collected and wrongfully withheld from Plaintiff are unknown to Plaintiff and cannot be fully ascertained without an accounting.

29. As the sole shareholder of Emerald, Urban-Gro controls Emerald's accounts receivables, deposits, and transfers.

30. Plaintiff is entitled to a full accounting from Defendants to determine the precise amount of funds on hand, the amount of funds collected by Emerald and improperly withheld or diverted away from Plaintiff, and all payments or transfers made since the inception of the Note and other Loan Documents.

## THIRD CLAIM FOR RELIEF
### Breach of Guaranty – Against Urban-Gro

31. Plaintiff realleges and incorporates by reference in this claim for relief Paragraphs 1 through 30 of this Complaint as though fully set forth herein.

32. Urban-Gro executed the Guaranty, which is a valid and enforceable contract governed by California law.

33. Plaintiff performed all obligations required of Plaintiff with respect to the Guaranty.

34. Urban-Gro breached the Guaranty by failing to pay Emerald's obligations under the Note and other Loan Documents.

35. As a direct and proximate result, Plaintiff has been damaged in the amount of at least **$1,760,737.20**, plus attorney's fees and other charges, including foreclosure fees, and ongoing collection fees/expenses, plus additional unreported accounts receivable owed to Plaintiff.

## FOURTH CLAIM FOR RELIEF
### Common Counts – Against Emerald and Urban-Gro

36. Plaintiff realleges and incorporates by reference in this claim for relief Paragraphs 1 through 35 of this Complaint as though fully set forth herein.

37. Within the past four years, Emerald became indebted to Plaintiff in the principal amount of $5,838,000.00 plus fees and interest in the amount of $1,059,755.98. Emerald has repaid to Plaintiff $5,137,018.78, leaving a balance

owing to Plaintiff of at least **$1,760,737.20**, plus attorney's fees and other charges, including foreclosure fees, and ongoing collection fees/expenses, plus additional unreported accounts receivable owed to Plaintiff:

    (a)    On an open book account for money due;

    (b)    For money had and received for the benefit of Defendants; and

    (c)    For money lent and advanced to Defendants at their request.

38. The full amount is now due and payable by Emerald and Urban-Gro.

## FIFTH CLAIM FOR RELIEF

## Negligent Misrepresentation – Against All Defendants

39. Plaintiff realleges and incorporates by reference in this claim for relief Paragraphs 1 through 38 of this Complaint as though fully set forth herein

40. Defendants misrepresented to Plaintiff their borrowing bases, which consist of accounts receivable owed to Emerald, as if there were no offsets or payables to vendors that would materially reduce the actual amount of cash to be collected. In reality, these accounts receivable were vastly overstated because Emerald owed vendors for work that needed to be completed to actually collect on the accounts receivable.

41. For example, on or about July 14, 2025, Defendants, and each of them represented to Plaintiff that Emerald was owed $1.7 million from Grey Construction. In reality, Emerald actually owes vendors about $900,000 of that $1.7 million, and therefore Defendants never expected to collect the full $1.7 million from Grey Construction.

42. At the time Defendants made the representations that Emerald was owed $1.7 million from Grey Construction, without reducing that amount by the amounts owed to vendors in order to collect the accounts receivable (the "**Representations**"), the Representations were in fact false.

///

43. Defendants had no reasonable grounds for believing the Representations were true, but made them carelessly and without sufficient basis for such belief.

44. Defendants made the Representations to Plaintiff with the intent to induce Plaintiff to rely upon them, and to cause Plaintiff to continuing to lend additional funds to Emerald under the Note and other Loan Documents.

45. Plaintiff, at the time of these representations and at the time of Plaintiff's reliance thereon, was ignorant of the falsity of the Representations and reasonably believed them to be true.  In reliance on these Representations, Plaintiff acted as Defendants intended by continuing to lend additional funds to Emerald under the Note and other Loan Documents.

46. Plaintiff is informed and believes and thereon alleges that Defendants have made to Plaintiff other representations similar to the Representations made about the Grey Construction accounts receivable.

47. This pattern of behavior by Defendants of overstating and misrepresenting the accounts receivables, and by not reducing said accounts receivables by any amounts owed to vendors, occurred numerous times and effectively made the entire borrowing base misleading and false.

48. As a direct and proximate result of Plaintiff's reliance on Defendants' misrepresentations, Plaintiff has been damaged in an amount according to proof at trial, but not less than $1,760,737.20.

49. By reason of the foregoing, Plaintiff is entitled to damages against Defendants, and each of them, in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1. For damages in the principal sum of at least **$1,760,737.20** together with additional sums ascertained at trial;

2. For a full accounting to determine all funds received and disbursed by Defendants since the inception of the Note and other Loan Documents;

3. For reasonable attorneys' fees as provided in the Loan Documents and Guaranty;

4. For costs of suit herein incurred and all other amounts allowed by law; and

5. For such other and further relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

6. Plaintiff hereby requests a jury trial on all issues raised in this Complaint.

Dated: August 29, 2025                FINANCIAL LAW GROUP


By:   s/ Leslie T. Gladstone
      Leslie T. Gladstone, Esq.
      Attorneys for Plaintiff Gemini
      Financial Corp.
      Email: LeslieG@flgsd.com