

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEMINI FINANCE CORP., | Case No.:  25-cv-2259-SBC |
| Plaintiff, | **ORDER GRANTING JOINT MOTION FOR ORDER APPROVING SETTLEMENT AGREEMENT PURSUANT TO SECTION 3(A)(10) OF SECURITIES ACT OF 1933 [DKT. NO. 4]** |
| v. | |
| UG CONSTRUCTION, INC. DBA EMERALD CONSTRUCTION MANAGEMENT, INC., a Colorado corporation, et al., | |
| Defendants. | |

On September 30, 2025, Plaintiff Gemini Finance Corp. ("Plaintiff") and Defendants UG Construction, Inc. dba Emerald Construction Management, Inc.; Urban-Gro, Inc.; Bradley Nattrass; Richard Akright; and Christian Monson (collectively "Defendants") filed a Joint Motion for Order Approving Settlement Agreement Pursuant to Section 3(a)(10) of Securities Act of 1933 ("Joint Motion"). (Dkt. No. 4.) The matter came on for a fairness hearing on an expedited basis on October 14, 2025, at 10:00 a.m. before the Honorable Steve B. Chu. Christin A. Batt, Esq. appeared on behalf of Plaintiff, together with Plaintiff's

1  principals Steven Winters and Adam Baker. William Dorsey, Esq. appeared on

2  behalf of Defendants, along with Christian Monson, general counsel for the

3  corporate defendants. Good cause appearing, the parties' Joint Motion is

4  **GRANTED** as set forth in further detail below.

## I.    BACKGROUND

6  Plaintiff is a California corporation with its principal place of business in

7  Rancho Santa Fe, (Compl., Dkt. No. 1 at 2), located in San Diego County,

8  California. Plaintiff was founded in 2012 and "is a premier investment company

9  focused on providing specialty finance capital to U.S. based small and mid-sized

10  companies." (Winters Decl. in Supp. Joint Mot. ("Winters Decl.") ¶ 12, Dkt. No.

11  4-1 at 4.)[1]

12  Defendant UG Construction, Inc. dba Emerald Construction Management,

13  Inc. ("Emerald") is a Colorado corporation. (Settlement Agreement and Mutual

14  General Release ("Settlement Agreement"), Dkt. No. 4-1 at 7.) Defendant Urban-

15  Gro, Inc. ("Urban-Gro") is a Delaware corporation. (*Id.*) Defendant Bradley

16  Nattrass is Chief Executive Officer of Emerald and Urban-Gro. (*Id.*) Defendant

17  Richard Akright is Chief Financial Officer of Urban-Gro and former Chief

18  Executive Officer of Emerald. (*Id.*) Defendant Christian Monson is General

19  Counsel of Urban-Gro. (*Id.*)[2]

20  On or about December 12, 2023, Plaintiff extended revolving credit not the

21  exceed the principal sum of ten million dollars ($10,000,000.00) to Emerald

22  secured by a security interest in all tangible and intangible assets owned by

23  Emerald, including but not limited to Emerald's accounts receivable and

24  inventory. (Joint Mot., Dkt. No. 4 at 5.) Emerald's obligations to Plaintiff are

---

[1] Steven Winters is Plaintiff's principal and founder. (Winters Decl. ¶ 1, Dkt. No. 4-1 at 1.)

[2] Plaintiff dismissed Mr. Monson from this action with prejudice on October 2, 2025. (Dkt. No. 6.)

memorialized in the loan documents attached as an exhibit to the Complaint filed in this action. (*Id.* at 5-6; Compl. Ex. A, Dkt. No. 1-2.) On or about the same date, Urban-Gro executed a Continuing Guaranty in favor of Plaintiff, also attached as an exhibit to the Complaint. (Joint Mot., Dkt. No. 4 at 6; Compl. Ex. B, Dkt. No. 1-3.) On or about June 15, 2025, Emerald defaulted under the loan documents. (Joint Mot., Dkt. No. 4 at 6.)

Plaintiff initiated this action against Defendants on August 29, 2025. (Compl., Dkt. No. 1.) Plaintiff asserted claims for breach of contract, accounting, breach of guaranty, common counts, and negligent misrepresentation against Defendants. (*Id.* at 4-8.) According to the Complaint, as of July 31, 2025, Emerald had failed to pay Plaintiff at least $1,760,737.20, plus attorney's fees and other charges, including foreclosure fees and ongoing collections fees and expenses. (*Id.* at 4.) Following a UCC Foreclosure Sale of Plaintiff's collateral under the loan documents conducted on September 4, 2025, Plaintiff contended it was still owed the principal amount of not less than $1,422.852.86. (Joint Mot., Dkt. No. 4 at 7.) Plaintiff agreed to a claim amount of $1,486,189.71, consisting of $1,400,000.00 plus $86,189.71, the amount withdrawn by one or more defendants from Emerald's bank account following the foreclosure sale. (*Id.* at 6-7; *see also* Settlement Agreement, Dkt. No. 4-1 at 8 (rounding the claim amount to $1,486,189.00).)

The parties have entered into a Settlement Agreement memorializing the complete settlement of all claims in this case. (Joint Mot., Dkt. No. 4 at 4.) The settlement is structured around the immediate acquisition by Plaintiff of a portion of Urban-Gro's public stock (the "Settlement Stock") pursuant to Section 3(a)(10) of the Securities Act of 1933. (*Id.*) The parties indicate that at this time, Urban-Gro's stock value is "high" and the Settlement Agreement "only makes economic sense for Gemini if Gemini can obtain and monetize the Settlement Stock, within certain parameters, without delay." (*Id.*)

Plaintiff is an established investment company with years of experience providing specialty finance capital to small and mid-sized companies. (Winters Decl. ¶ 12, Dkt. No. 4-1 at 4.) Plaintiff has completed approximately 500 transactions and invested over $500 million in such companies. (*Id.* ¶ 15.) Plaintiff's principal, Steven Winters, has worked in the investment banking industry since 1991 and has extensive experience and knowledge of many financial markets and products. (*Id.* ¶¶ 17-18.) Plaintiff has conducted a full analysis of Urban-Gro's business and is fully aware of the potential risks inherent in terms of the Settlement Agreement. (*Id.* ¶ 22, Dkt. No. 4-1 at 5; *see also* Transcript of Fairness Hearing held via Zoom videoconference on Oct. 14, 2025, Dkt. No. 8.)

## II.    LEGAL STANDARDS

Generally, public companies are not permitted to issue their stock, and persons receiving those shares are not permitted to immediately resell them into public markets, without first filing a registration statement. *See* 15 U.S.C. §§ 77e(c), 77d(a)(1). However, Section 3(a)(10) of the Securities Act of 1933 provides an exemption from the general rule:

> any security which is issued in exchange for one or more bona fide outstanding securities, claims or property interests, or partly in such exchange and partly for cash, where the terms and conditions of such issuance and exchange are approved, after a hearing upon the fairness of such terms and conditions at which all persons to whom it is proposed to issue securities in such exchange shall have the right to appear, by any court.

15 U.S.C. § 77c(a)(10).

The Section 3(a)(10) exemption is often used to effectuate settlements of claims against public company defendants. *See, e.g., Oceana Capitol Grp Ltd. v. Red Giant Ent., Inc.*, 150 F. Supp. 3d 1219, 1223 (D. Nev. 2015)*; Chapel Invs., Inc. v. Cherubim Ints., Inc.*, 177 F. Supp. 3d 981, 986 (N.D. Tex. 2016) ("The

statute is routinely taken advantage of by public companies to settle outstanding debts in exchange for stock."); *YA II PN, Ltd. v. Taronis Techs., Inc.*, 435 F. Supp. 3d 622 (S.D.N.Y. 2020); *Discover Growth Fund, LLC v. Camber Energy, Inc.*, 602 F. Supp. 3d 982, 986 (S.D. Tex. 2022).

For the exemption to apply, the court must: (1) find that the person to receive shares holds securities, claims, or property interests that were outstanding prior to the hearing, (2) conduct a fairness hearing at which all persons to whom the securities will be issued have the right to appear and be heard, and (3) find that the terms and conditions of the proposed exchange are fair. *See Chapel Invs., Inc.*, 177 F. Supp. 3d at 987. "Fundamentally, the court must find that the proposed issuance and exchange of securities is fair after considering the totality of the evidence." *Oceana Capital*, 150 F. Supp. 3d at 1224.

### III.   DISCUSSION

Under the terms of the Settlement Agreement, Urban-Gro shall deliver and issue to Plaintiff shares of its Common Stock (the "Settlement Shares") in one or more tranches, subject to the Share Cap defined in the Settlement Agreement, sufficient to generate proceeds such that the aggregate net proceeds equal the claim amount of $1,486,189.00, in exchange for mutual releases of all claims and Plaintiff's execution of a stipulation of dismissal of this action with prejudice against all remaining defendants. (Settlement Agreement, Dkt. No. 4-1 at 7-20.) The Court finds the Settlement Agreement satisfies the three statutory prerequisites for an issuer claiming a Section 3(a)(10) exemption.

As to the first factor, Plaintiff, the only contemplated recipient of the Urban-Gro shares, currently holds outstanding claims against Defendants, as set forth in the Complaint and the parties' Joint Motion.

Second, the Court held a fairness hearing on October 14, 2025, at which both sides appeared and had an opportunity to be heard. (*See* Transcript of Fairness Hearing held via Zoom videoconference on Oct. 14, 2025, Dkt. No. 8.)

Third, the Settlement Agreement represents a negotiated agreement between sophisticated commercial parties represented by competent counsel. Plaintiff is a highly sophisticated institutional investor which regularly enters financial transactions of this type. Both Plaintiff and Defendants represent that they have been advised of and fully understand the benefits and risks of the contemplated transaction. Each party has stipulated that the terms of the proposed settlement are fair and reasonable, no party has objected, and Plaintiff and Defendants jointly request that the stipulation be approved by the Court. These factors are sufficient for the Court to find that the Settlement Agreement is fair.

Finally, because shares issued in a court-approved exchange are exempt from securities laws under Section 3(a)(10), registration of the shares is not required. *Oceana Capitol*, 150 F. Supp. 3d at 1224-25.

## IV.    CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the Joint Motion and ORDERS as follows:

1.    The Settlement Agreement and Mutual General Release (Joint Mot. Ex. 1, Dkt. No. 4-1 at 7-20), incorporated herein by reference, is adopted and approved in its entirety;

2.    The issuance of the Settlement Shares of Urban-Gro, Inc.'s common stock to Plaintiff is hereby approved as fair within the meaning of Section 3(a)(10) of the Securities Act of 1933;

3.    Urban-Gro, Inc. shall forthwith issue such Settlement Shares, which shall be unrestricted, exempt from registration with the Securities and Exchange Commission, and issued without any restrictive legends; and

4.    A telephonic attorneys-only Settlement Disposition Conference will be held on **January 16, 2026, at 9:45 AM** before Magistrate Judge Steve B. Chu. To participate in the conference, counsel shall call the Court's conference line at 619-657-0677 and use conference ID # 778 786 604. The conference will be

vacated if a joint motion to dismiss is filed, and a proposed order for dismissal is emailed to chambers at efile_chu@casd.uscourts.gov, in advance of the conference.

**IT IS SO ORDERED**.

Dated:  October 15, 2025

Hon. Steve B. Chu
United States Magistrate Judge